J-S45004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM PETTIT | : | |
| | : | |
| Appellant | : | No. 468 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 4, 2023
In the Court of Common Pleas of Sullivan County
Criminal Division at No: CP-57-CR-0000015-2022

BEFORE: STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JULY 17, 2026**

Appellant, Adam Pettit, appeals from the judgment of sentence imposed on April 4, 2023, by the Court of Common Pleas of Sullivan County following his guilty plea to access device fraud and theft from a motor vehicle.[1]  Upon review, we affirm.

The facts, as summarized by the Commonwealth during Appellant's plea colloquy, are as follows:

> [T]he Commonwealth would present the testimony [of] several Laporte Borough residents who would testify that various items were taken from their vehicles during the night of November [11, 2020].  Next the Commonwealth would call Antonio Ruger (phonetic) who would testify that he accompanied [Appellant] to Laporte that night and waited in the car while [Appellant] walked around town for a couple of hours.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's direct appellate rights were reinstated on February 7, 2025.

The Commonwealth would also present testimony of several [Pennsylvania] State Troopers who had seen [Appellant] acting suspiciously on foot in Laporte that night. Some even questioning and identifying him and two who even gave him a ride to the police barracks to reunite with his dog and Antonio Ruger before the thefts.

Next, . . . we would introduce surveillance video from Citizens of Northern Bank Laporte ATM showing [Appellant] attempting to withdraw money with William Black's ATM card that had been taken from Mr. Black's vehicle that night. And finally, the Commonwealth would present the testimony of [the] Endicott, New York, police officer who took [Appellant] into custody in December of [2020] and found on his persons [sic] several personal documents of the Laporte victims.

N.T., 1/10/23, at 26-27.

Appellant was charged with access device fraud (M1), four counts of theft from a motor vehicle, and four counts of receiving stolen property. On January 10, 2023, during a scheduled pre-trial conference, Appellant pleaded guilty to access device fraud and one count of theft from a motor vehicle, both graded as misdemeanors of the first degree. In exchange for the plea, the Commonwealth *nolle prossed* the remaining charges. Sentencing was deferred for the completion of a presentence investigation. On April 4, 2023, Appellant was sentenced to an aggregate 48 to 96 months of imprisonment.

Appellant filed a timely counseled post sentence motion to modify his sentence, which was denied by the court on April 20, 2023. No direct appeal was filed.

On March 14, 2024, Appellant filed a *pro se* PCRA petition requesting reinstatement of his direct appellate rights. Robert Buttner, Esquire, was

appointed as PCRA counsel. On February 6, 2025, a stipulation to reinstate Appellant's direct appeal rights was filed, and the court reinstated Appellant's direct appeal rights on February 7, 2025. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[2] He raises the following issues for our review:

1. Did the trial court impose an illegal sentence on Count 1, access device fraud, consistent with a grading of a misdemeanor of the first degree and an OGS [offense gravity score] of "4" rather than a misdemeanor of the second degree with an OGS of "3", where the amount taken or attempted to be taken was an element of the offense and that amount was neither alleged in a charging document or admitted to at the time of the guilty plea contrary to **Apprendi v. New Jersey**, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000)?

2. Did the trial court err in failing to hold an evidentiary hearing on [Appellant's] request to withdraw his plea?

Appellant's Brief, at 4.

Appellant's first issue purports to be a challenge to the legality of his sentence. However, as explained below, his actual claim is that the criminal complaint, Information, amended Information, and guilty plea colloquy were devoid of an amount alleged to be taken or attempted to be taken. Thus, his challenge relates to a missing element of access device fraud, graded as a misdemeanor of the first degree.

---

[2] We briefly remanded this matter to the trial court for a supplemental Rule 1925(a) opinion. The supplemental opinion was received in this Court on March 17, 2026.

Appellant pleaded guilty to access device fraud, which is defined as a person who "uses an access device to obtain or in an attempt to obtain property or services with knowledge that . . . the device was issued to another person who has not authorized its use." 18 Pa.C.S.A. § 4106(a)(1)(ii). "[I]f the value involved was over $50 or more but less than $500, the offense constitutes a misdemeanor of the first degree." 18 Pa.C.S.A. § 4106(c)(1)(ii). The criminal complaint, Information, amended Information, and plea colloquy all listed access device fraud as a first-degree misdemeanor.

Appellant argues that the trial court imposed an illegal sentence because the Commonwealth failed to prove the amount necessary to increase the grading of the offense to a misdemeanor of the first degree. *See* Appellant's Brief, at 16-17.

> [F]rom the initiation of charges, there was no allegation of the extent of the value attempted to be obtained. Nor was the Appellant told the value he was pleading to or admitting to. He was not apprised that, for access device fraud, value was an element or what that value was that he would be or was admitting to. All he was told or advised was that the offense involved an attempt and the maximum sentence that may be imposed, with no correlation that he would know or understand that he was pleading to an offense of a higher grading rather than of an offense of a lower grading determined by the subject value of the theft, of which he or she was not told. He would not know that the absence of value or a lesser averred amount would carry a lower maximum sentence, lower OGS, and therefore, lower sentencing exposure.

*Id.* at 25-26.

We conclude that Appellant's allegation does not pertain to the legality of the sentence. He does not suggest that his sentence exceeded the statutory

- 4 -

maximum, should have merged with another offense, or was imposed under an infirm mandatory minimum sentencing provision. He, instead, is asserting that an element of the crime in question was not proven. A claim that the Commonwealth failed to prove all elements of a crime is a challenge to the sufficiency of the evidence supporting a conviction and not to the legality of the sentence imposed upon that conviction. ***See, e.g., Commonwealth v. Witmayer***, 144 A.3d 939 (Pa. Super. 2016). It is well-settled that a defendant waives any issue relating to the sufficiency of the evidence by pleading guilty. ***See Commonwealth v. Rounsley***, 717 A.2d 537, 539 (Pa. Super. 1998); ***see also Commonwealth v. Alameda***, 339 A.3d 504, 511 (Pa. Super. 2025) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea.").

Thus, by pleading guilty, Appellant waived any challenge to the sufficiency of the evidence. Appellant cannot circumvent waiver by reframing his issue as a challenge to the legality of the sentence.[3]

In Appellant's second issue, he asserts that the trial court abused its discretion by not holding a hearing on his post-sentence request to withdraw

---

[3] We note that the trial court found waiver on different grounds. However, "where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citation omitted).

his guilty plea. *See* Appellant's Brief, at 28-31. We review the denial of a post-sentence motion to withdraw a guilty for abuse of discretion:

> Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056-57 (Pa. Super. 2025) (citations omitted). We are guided by the following:

> [A] request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently.
>
> Moreover, once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy.

*Alameda*, 339 A.3d at 509-10 (citations and quotation marks omitted). "[T]he decision whether to hold a hearing is left to the discretion of the trial court." *Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa. Super. 1999).

Here, Appellant filed a petition for reconsideration of sentence and requested the court to modify his sentence based on mitigating circumstances. The final paragraph of the petition stated: "In the alternative, [Appellant] is respectfully requesting that he be granted permission to withdraw his guilty

plea and proceed to trial." Petition for Reconsideration of Sentence, 4/14/23, ¶ 14.

The trial court denied the request, stating that it informed Appellant during the plea hearing that it would deny any request to withdraw his plea. *See* Supplemental Pa.R.A.P. 1925(a) Opinion, 3/17/26, at 4. During the plea hearing, the trial court informed Appellant that while he has the right to file a post-sentence motion to withdraw his plea, that the court would deny it "since the jury has been called and the questionnaires [were answered.]" N.T. Plea, 1/10/23, at 18. The trial court did exactly what it said it would do – denied Appellant's post-sentence request to withdraw his plea.

Without addressing whether that's a permissible use of the trial court's discretion, Appellant is not entitled to relief because he failed to demonstrate prejudice which resulted in manifest injustice. Nor did he demonstrate that his plea was entered involuntarily, unknowingly or unintelligently. Because Appellant made a boilerplate request to withdraw his plea, the trial court properly exercised its discretion in declining to hold a hearing and subsequently denying the request. Moreover, Appellant specifically pleaded to access device fraud as a misdemeanor of the first degree. N.T. Plea, 1/10/23, at 17, 28. He did not have any questions and stated that he was satisfied with counsel's representation. *Id.* at 21, 26.

Judgment of sentence affirmed.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/17/2026